UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| NYSA-PPGU Pension Fund,<br><br>          Plaintiff,<br>v.<br><br>American Stevedoring, Inc.,<br>et al,<br><br>          Defendants. | Civil Action No.<br><br>2:12-CV-2309-ES-SCM<br><br>**OPINION AND ORDER ON MOTION<br>FOR RECONSIDERATION**<br><br>**[D.E. 66]** |

## I.  INTRODUCTION

This matter comes before the Court by way of the defendant American Stevedoring, Inc.'s (hereinafter "Defendant") Motion for Reconsideration of this Court's May 15, 2013, Order denying Defendant's Motion to Compel discovery on its unclean hands defense. (D.E. 66). For the reasons articulated herein, the instant Motion is denied.

## II.  BACKGROUND

### A. Procedural History

On April 19, 2012, plaintiff New York Shipping Association, Inc. ("NYSA") and the Port Police & Guards Union, Local 1456 ("PPGU") pension fund, referred to hereinafter as "NYSA-PPGU" or alternatively as "Plaintiff," by an through its trustees, filed

the instant action in this District Court to recover withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") as a result of Defendant's alleged cessation of its contractually required contributions to the NYSA-PPGU pension fund. (Docket Entry ("D.E.") 1, Plaintiff's Complaint). Defendant generally denied Plaintiff's allegations through its Answer filed on May 31, 2012, and asserted various affirmative defenses, including the defenses that it did not completely withdraw from the pension fund and that it made all requisite payments. (D.E. 8, Defendant's Answer).

On August 7, 2012, the District Court held oral arguments on an Order to Show Cause ("OTSC") why the Court should not direct Defendant to remit payment to Plaintiff for interim withdrawal liability. (D.E. 19, August 1, 2012 Letter Order). After considering the parties' written submissions and oral arguments, the Court made a number of factual findings including the following relevant facts: 1) That Plaintiff notified Defendant of Plaintiff's claim and demand on May 1, 2012 (the date on which Defendant acknowledges having received the Complaint)[D.E. 23, Transcript of August 7, 2012 OTSC Hearing at p. 39, ¶¶ 1-4]; 2) that counting from May 2, 2012, Defendant's 90 days in which to request arbitration expired on July 30, 2012 [D.E. 23 at p. 42, ¶¶ 11-22]; 3) that contrary to Defendant's argument, Defendant's Answer did not provide sufficient notice

2

to Plaintiff of a request for arbitration [D.E. 23 at p. 43, ¶¶ 1-11]; and 4) that having notified the Court (not the Plaintiff as required) via a letter on July 31, 2012 of its intention to request arbitration, Defendant's request for arbitration was out of time. (D.E. 23 at p. 43, ¶¶ 12-23).

In response to a discovery issue raised via a telephone status conference with the parties on March 13, 2013, regarding the potential expansion of discovery with respect to Defendant's putative unclean hands defense, the Court issued the following Text Order:

> Defendant may file a letter brief (no more than 5 pages) by 3/27/2013 re: expanding discovery. Plaintiff may file a letter brief in opposition (no more than 5 pages) by 4/10/2013. Oral argument to be held on 5/9/2013 at 9:30 a.m. fore Magistrate Judge Steven C. Mannion in Newark-Courtroom 4A….

(D.E. 57, March 14, 2013, Text Order). Subsequently, Defendant filed its informal motion to compel discovery by way of letter brief, requesting expanded discovery relative to its unclean hands defense. (*See* D.E. 58, Defendant's Informal Motion for Expanded Discovery on Unclean Hands Defense). Plaintiff opposed Defendant's Motion on the basis that an unclean hands defense is only available in arbitration and that by not requesting arbitration within the required 90-day period Defendant effectively waived its right to arbitration and by extension,

3

its unclean hands defense. (*See* D.E. 60, Plaintiff's Opposition to Defendant's Motion to Compel).

After hearing oral arguments and considering the parties' written submissions, the Court issued an Order denying Defendant's Motion to Compel. (*See* D.E. 65, May 15, 2012 Order Denying Informal Motion to Compel Discovery). On May 29, 2012, Defendant filed the instant Motion seeking reconsideration of the Court's denial of the afore-referenced Motion to Compel. (D.E. 66, Defendant's Motion for Reconsideration). Plaintiff filed a timely Opposition to the instant Motion. (D.E. 68, Plaintiff's Opposition to Defendant's Motion for Reconsideration). Defendant did not file a reply.[1]

**B. Summary of Parties' Positions**

**1) Defendant's Position**

Defendant argues for reconsideration on the basis of "the availability of new evidence" and on the basis that "severe injustice would result if reconsideration is denied." (D.E. 67, Defendant's Brief in Support of Motion for Reconsideration ("Defendant's Brief"), at p. 3). The "new evidence" that

---

[1] Currently pending before the District Court is Plaintiff's Motion for Summary Judgment, filed on June 14, 2013. (D.E. 71, Plaintiff's Motion for Summary Judgment). Defendant requested and was granted an extension of time to file its Opposition, pending the Court's ruling on the instant Motion for Reconsideration.

Defendant refers to is information contained in certain affidavits that Defendant attempted to present to this Court for the first time during oral arguments on Defendant's Motion to Compel. (*See id*. at p. 3). According to Defendant, when the Court requested evidence to support its Motion to Compel, it proceeded to refer to information contained in two affidavits, but the Court declined to consider this information because the affidavits had not been previously appended to Defendant's motion papers.[2] (*Id*.). Defendant further argues that its failure to attach these affidavits to its motion papers was a result of interpreting the Court's Text Order, referred to *supra*, as limiting its submission to the Court to a five (5) page brief and therefore, in Defendant's view, proscribing Defendant from appending the aforementioned affidavits to its motion papers. (*Id*.). Thus, Defendant asserts that "reargument and/or reconsideration is warranted upon the availability of new evidence, particularly where a party misconstrued an ambiguous order regarding permissible submissions…" (*Id*.).

In addition to arguing for reconsideration for the reasons stated above, Defendant also claims that reconsideration is

---

[2] The affidavits referred to herein are affidavits of Keith Catucci and Matthew Yates, President and Director of Commercial Operations, respectively of American Stevedoring, Inc. (Defendant). These affidavits were attached to the instant motion papers as Exhibits 3 and 4, respectively.

5

warranted based on new evidence of alleged collusive misconduct between the Plaintiff in the instant action and the plaintiff in a similar action pending in the Southern District of New York. (*Id.*). The source of this alleged new evidence is an affidavit submitted in the aforementioned Southern District of New York action.[3] (*Id.*).

### 2) Plaintiff's Position

Plaintiffs oppose the instant motion on the basis that: 1) the Defendant could have filed the affidavits that it sought to rely upon during oral argument as exhibits to its Motion to Compel, just as Defendant filed five exhibits totaling 83 pages with said motion [*See* D.E. 68, Plaintiff's Opposition to Defendant's Motion for Reconsideration, at p. 2]; 2) the substance of the information contained in the three affidavits that Defendant refers to in its moving brief do not constitute new evidence in so far as Defendant did not establish that said information was not previously available [*Id.*]; 3) Defendant does not explain how denying the instant motion will result in a manifest injustice [*Id.* at p. 3]; and 4) Defendant's failure to address this Court's prior decision that Defendant waived any unclean hands defense. (*Id.*).

---

[3] This affidavit is that of Sabato Catucci, Defendant's owner and majority shareholder and is appended to the instant motion papers as Exhibit 5. (*See* D.E. 66-2, Exhibit 5- Affidavit of Sabato Catucci).

### III. DISCUSSION

**A. Legal Standard for Motion for Reconsideration**

Motions for reconsideration are governed by Local Civil Rule 7.1(i). The Third Circuit has established that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also P. Shoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J. 2001); *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F.Supp.2d 606, 609 (D.N.J. 2003). Reconsideration is granted under very limited circumstances and "very sparingly." *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1997). A court may grant a motion for reconsideration for one of three reasons: "(1) [a]n intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)); *see also Carmichael v. Everson*, Civ. No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Motions for reconsideration require the moving party to set

forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked," and that the movant must "show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

A motion for reconsideration is improper when it is used to "ask the Court to rethink what [it] had already thought through — rightly or wrongly," *Ciba-Geigy Corp. v. Alza Corp.*, Civ. No. 91-5286, 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993) (citing *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990), *rev'd on other grounds*, 989 F.2d 635 (3d Cir. 1993)). Mere disagreement, instead, should be addressed during the appellate process, not via a motion for reconsideration. *See, e.g., Hudson v. Siemens Logistics and Assembly Sys., Inc.*, Civ. No. 04-6438, 2008 WL 819950 (D.N.J. Mar. 25, 2008); *Hackensack Riverkeeper, Inc. v. Del. Ostego Group*, Civ. No. 05-4806, 2007 WL 1749963, at *3 (D.N.J. June 15, 2007) (noting that plaintiffs only argued "that the Court came to the wrong conclusion, not that the Court overlooked controlling standards and law"); *Farmer v. Camden Bd. of Educ.*, Civ. No. 03-685, 2005 WL 1683745, at *1 (D.N.J. July 19, 2005) (stating that "Plaintiff's attempt to reargue and re-litigate its claims does not comply with the limited purposes of the reconsideration rule").

8

**B. Application of Legal Standard**

**1) Defendant's "New Evidence" Claim**

This Court does not view the information contained in the three (3) affidavits that Defendant refers to in its moving papers as constituting newly discovered evidence that would justify reversal of this Court's prior decision to deny Defendant's Motion to Compel. Regarding the facts contained in the two (2) affidavits that Defendant attempted to present to this Court for the first time in oral argument, this information is clearly not newly discovered evidence. The information contained in these affidavits was not discovered by Defendants since the Court rendered its decision on Defendant's Motion to Compel. Defendant's own statements in its moving papers confirm that it was aware of the information contained in these affidavits at the time it moved to compel additional discovery: "We did not understand that the Court, in limiting the parties to submission of 5-page letter briefs, was nonetheless, permitting (and indeed requiring) submissions of affidavits or other credible evidence. Had we been aware of the Court's intentions, we would have submitted such evidence." [Sic](D.E. 67 at p. 2). Thus, regarding these two affidavits, Defendant's do not have a credible argument that the information contained therein constitutes newly discovered, previously unavailable information. Similarly, Defendant has not made a plausible

9

argument and showing that the information contained in the third affidavit (the Sabato Catucci affidavit) was newly discovered. Although this affidavit is dated May 24, 2013, which is after this Court denied Defendant's Motion to Compel, a reading of the affidavit reveals that all of the facts and circumstances referenced therein relate to events that occurred prior to this Court's denial of Defendant's Motion to Compel. Therefore, the information contained in the Sabato Catucci affidavit was available to Defendant when it filed its motion to compel. (*See* D.E. 66-2, (Exhibit 5) - the Sabato Catucci Affidavit). Consequently, on reconsideration, Defendant has not proffered newly discovered evidence and therefore, Defendant's argument for reconsideration is rejected on this point.

### 2) Alleged Manifest Injustice

As discussed at length, *supra*, Defendant has not proffered a credible argument in favor of reconsideration based on newly discovered, previously unavailable evidence. What Defendant seems to articulate is that reconsideration is justified to avoid the injustice of not having additional discovery relative to its unclean hands defense, which Defendant argues was precipitated by this Court's March 14, 2013, Text Order (hereinafter the "Text Order") that limited Defendant's letter brief to five pages, which Defendant interpreted as proscribing it from submitting the aforementioned affidavits with its letter

brief. Defendant's argument is unpersuasive in light of well-established litigation practice as well as Defendant's own actions.

The Court first points to Local Civil Rule 7.2, which is instructive, if not definitive, on the issue of the reasonableness of Defendant interpreting the Text Order, which set a five-page limit for Defendant's letter brief, to preclude Defendant from appending affidavits to its brief. Local Civil Rule 7.2 establishes the purpose and particulars for filing affidavits and briefs relative to motions. Section (a) of the rule addresses the particulars of affidavits, while sections (b), (c) and (d) address briefs. The rule clearly distinguishes between affidavits and briefs even making it clear that "[a]rgument of facts and the law shall not be contained in affidavits. Legal arguments and summations in affidavits will be disregarded by the Court…" L.Civ.R. 7.2(a).

In clearly separating and establishing the permissible purpose, substance and other particulars of affidavits vis-a-vis briefs, it is easily inferred and, indeed has become common and accepted practice, that supporting affidavits are submitted with motion papers as exhibits and therefore are not included in the page limit set by the rule for formal motion briefs or by the Court for informal applications. While this Court understands Defendant's hyper-technical argument, Defendant has not pointed

11

to any rule or court decision that would support the notion that the Text Order intended to abrogate the well-established practice that affidavits submitted with a brief do not count against the page limit set for briefs. In fact, Defendant's own actions in submitting two exhibits totaling 83 pages with its moving papers undermines Defendant's argument that it did not submit the supporting affidavits out of fear of exceeding the five page limit for its brief. Again, it is axiomatic that supporting documents such as affidavits, pleadings and other exhibits submitted with moving papers are not counted against the page limit for the brief.

If Defendant was, in fact, genuinely concerned that it would exceed the page limit for its brief by appending supporting affidavits to its motion papers, the Court is at a loss- and Defendant has not explained- why Defendant did not inquire with the Court with respect to its concern and/or seek permission pursuant to Local Civil Rule 7.2 to file an over-length brief. Defendant now claims that the Text Order was ambiguous, yet it does not explain why it did not seek clarification from the Court either before filing its papers or seek leave to supplement prior to oral argument.

The fact is the Text Order was not ambiguous with respect to the submission of supporting affidavits. The Text Order clearly set a limit for the length of Defendant and Plaintiff's

briefs. The Court did not address supporting documents because it is common practice that supporting documents- provided they do not contain legal arguments- do not count against the page limit for the brief. As Local Civil Rule 7.2 makes clear, affidavits and briefs serve two distinct purposes, hence the separate treatment by the rule.

Defendant argues now that it interpreted the page limitation that the Court placed on Defendant's brief to be *inclusive* of any supporting affidavits- an interpretation that is completely inapposite to the principles embodied by the court rules and applied in common practice. Defendant's argument is implausible and unavailing and is therefore rejected.

Additionally, the Court takes this opportunity to point out that the cases that Defendant cited in its moving brief are not on point and/or do not support Defendant's argument. In *Clay v. Department of Army*, 239 Fed.Appx. 705 (3d Cir. 2007), the court issued an Order that arguably converted the defendant's dismissal motion into a summary judgment motion.[4] The court held that the Order in question was ambiguous in so far as it was not clear whether the motion to dismiss was or was not being

---

[4] The text of the court's Order read as follows: "AND NOW, this 21st day of December, 2006, it is ORDERED that Plaintiff will respond to the Motion of the United States to Dismiss, or Alternatively, for Summary Judgment (Doc. No. 10) no later than February 3, 2006." [sic] *Clay v. Department of Army*, 239 Fed.Appx. 705, 706 (3d Cir. 2007).

13

converted into a summary judgment motion. *Clay*, 239 Fed.Appx. at 706-07. The *Clay* court further opined that the parties did not receive proper notice of the conversion and it was on these issues that the *Clay* court reversed the District Court's prior orders. The court's only mention of lack of clarity regarding affidavits was made in the context of the above-referenced conversion, as the court stated, "[f]urthermore, the order does not make it "clear beyond doubt" that the parties were required to present at that time their affidavits and counter-affidavits for consideration. **Accordingly, the parties did not receive proper notice of the District Court's conversion of the motion.**" (emphasis added). *Clay*, 239 Fed.Appx. at 707. It is clear that the *Clay* court was concerned with the ambiguity regarding lack of notice to the parties with respect to the conversion of a motion to dismiss to a motion for summary judgment. *Clay* had nothing to do with a Court Order being ambiguous concerning whether supporting affidavits will be counted against the page limit for a brief, as is alleged in the instant case.[5] As such, Defendant's arguments remain untenable and unpersuasive.

---

[5] Defendant also cited *Nusbaum v. MBFG Ltd. Partnership*, 314 Fed.Appx. 516 (3d Cir. 2009). This case is even less supportive than *Clay*, discussed *supra*, as it relates to permissive language in the court's order that stated that plaintiff "may" file a Second Amended Complaint; when plaintiff did not file a Second Amended Complaint the court dismissed his action for lack of prosecution; the District Court also dismissed plaintiff motion for reconsideration, ruling that the Order in question was not

## IV. CONCLUSION

For the foregoing reasons, and good cause shown,

IT IS on this 30th day of August, 2013,

**ORDERED** that Defendant's motion for reconsideration is **denied**; and it is further

**ORDERED** that Defendant shall file its response to Plaintiff's Motion for Summary Judgment [D.E. 71] within ten (10) days of the date of this Order.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/30/2013 4:29:47 PM

---

ambiguous; the Third Circuit then held on appeal that in dismissing the plaintiff action without prejudice the court abused its discretion by not applying the six-pronged "Poulis Analysis" in dismissing plaintiff case. *See Nusbaum v. MBFG Ltd. Partnership, 314 Fed.Appx. 516, 516-17 (3d Cir. 2009)*. *Nusbaum* bares hardly any factual or legal parallels to the instant case and therefore is unpersuasive.